OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Calvin Bond appeals the March 9, 2004 Judgment Entry of the Mansfield Municipal Court, which denied his objections to a magistrate's proposed decision filed August 29, 2003, and adopted and incorporated the proposed decision as its order. The March 9, 2004 Judgment Entry reaffirmed the trial court's grant of a Writ of Restitution to plaintiff-appellee David Sharrock.
{¶ 2} Appellant assigns as error:
{¶ 3} "I. The trial court lacked subject matter jurisdiction and therefore erred in granting appellee's request for a writ of restitution."
{¶ 4} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
{¶ 5} "(E) Determination and judgment on appeal.
{¶ 6} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
{¶ 7} "The decision may be by judgment entry in which case it will not be published in any form."
{¶ 8} This appeal shall be considered in accordance with the aforementioned rule.
 I
{¶ 9} Appellant contends if a landlord fails to serve a notice to vacate, or serves a notice to vacate, but its content or the service fails to comply with R.C. 1923.04, the trial court lacks subject matter jurisdiction over the eviction action. Appellant cites to this Court's decision in Godbelt v. McClain (Nov. 20, 1995), Licking App. No. 94-CA-0066, unreported, as authority.
{¶ 10} We find Godbelt to have been wrongly decided. It is clear the municipal court has original subject matter jurisdiction over forcible entry and detainer actions. We conclude the notice required by R.C. 1923.04(A) is one of the necessary elements to be proved by the landlord at trial in order to succeed on a complaint for a writ of restitution. While an essential element of the landlord's claim, its absence does not divest the municipal court of subject matter jurisdiction to determine the landlord's complaint.
{¶ 11} Appellant's assignment of error is overruled.
{¶ 12} The judgment of the Mansfield Municipal Court is affirmed.
Hoffman, P.J., Edwards, J. concurs separately.
Wise, J. dissents.